v. Charles Llewlyn. In Mr. Llewlyn's case, the lower court erred in determining that he was not eligible for a reduction of sentence under 18 U.S.C. 3582. In particular, the lower court had no authority to determine in which order Mr. Llewlyn's sentences would be served. Even though, temporarily, the sentence imposed in this case was imposed close to a year before the second sentence was imposed? Yes, Your Honor, because Congress instructs that it is the Attorney General through the Bureau of Prisons that determines how sentences are served under 18 U.S.C. 3584. Isn't that safe for administrative purposes? And this is an administrative purpose, Your Honor. Well, it's a substantive purpose, isn't it? Well, I do not believe so. The Vaughn case, upon which the government relies, I think made an error in its assessment, and I say that respectfully, but I think they did. The Vaughn court concluded that this was substantive because it was part of the court's decision-making process, discretionary decision-making process. But there are two parts to a 3582 issue. The first part is not discretionary, and that's the part that we're here on today. That is a question of law as to whether or not an individual is eligible under 3582 for a reduction. I do not believe that the court has discretion in that regard to say eligible or not eligible. Now, in the 3553 factors, which is the second part of the inquiry, of course the court does have discretion in that part of the issue. Now, let me ask you this question. Obviously, if a sentence were completely served and a second term of imprisonment is imposed after the amendment comes in, then there's no eligibility for relief there, right? It's impossible. That would be correct, Your Honor. Okay. That would be correct. So you need, even under your theory, you need at the very least, I'm going to give it a term of mine, but it doesn't mean that it's legally correct, you need overlapping terms, right? Yes, sir. Terms, one is being served while the other one is imposed, and then you aggregate them under your view so that there's one sentence, and because you think that you don't know which one gets served first, someone like Mr. Llewellyn is eligible for the sentence reduction. Yes, Your Honor. Under the statute, the individual has to be serving a term of imprisonment. In this case, the term of imprisonment is the result of two consecutive sentences imposed by two separate courts, but it is still one term of imprisonment, and in this case it's 402 months. Doesn't the result violate the judgment of the second court? Your argument, doesn't it violate the judgment of the second court? Because as the Supreme Court has indicated, the second court can determine whether the sentence is going to run consecutive, concurrent, or partial, concurrent or consecutive, correct? And the North Carolina court determined it needed to run consecutive, and your client goes to that court first and has that sentence reduced, and then goes to the court here, the lower court here, and attempts to have that sentence reduced, which has an ultimate effect on the second sentence. Well, under my argument, once again, I don't believe it does have an effect on the second sentence, but there were two harms in this case. And Amendment 782 has recognized that there should be a remedial effect on all sentences in which people were overly sentenced, and so... What has happened in the North Carolina case, if anything? He received a reduction in that. He originally received a 360-month sentence, which was reduced to 292 months, making a total aggregate sentence now of 402 months. As opposed to what was it before? The aggregate before? You said it's 402 with the reduction? 68-month reduction, I believe, Your Honor, if my math is correct. So 68 plus 402? Originally, it would have been, yes, sir. Okay. It was 360 plus the 110 in the Southern District of Florida. I rely heavily on the Supreme Court's decision in United States v. Wilson, because I think it is very analogous to the situation. In that case, the court considered whether a district court could determine time served. It's in the habeas context, correct? It was in the habeas context, but... All the authorities that you really rely upon are habeas cases. No, sir. There are cases that are directly on point with 3582 reductions as well. The Bolin case, the Clark case, and numerous of the district court cases that have ruled that a defendant may receive a reduction under these circumstances. But in Wilson, the court addressed the particular issue of whether the district court had the ability to determine time served, and ultimately determined that it did not. And time served is another one of these administrative issues, which, you know, theoretically a district court probably could know exactly what the time served was. But the Supreme Court said, no, you can't do that. That's within the purview of the Attorney General through the Bureau of Prisons. And I urge strongly that that's analogous to this situation. What we have here is an administrative decision. How the sentences are served, whether one is served or not served, whether one is over or not over, is an administrative decision under 3584. A defendant does not get a letter from Bureau of Prisons saying, your 110-month sentence is now done. That defendant is told that he has a 402-month sentence, and until that 402-month sentence is done, that's what his sentence is. When, again, speaking temporally, when did he finish serving the sentence in this case compared to when Amendment 782 came out? It would have been prior, Your Honor. He would have finished serving it before 782 was issued? If that was his only sentence, he would have finished serving it prior to Amendment 782. I also take issue with the Vaughn case in respect that I do not believe that Vaughn properly gives liberal construction to 3582. 3582 is a remedial statute. As such, the Supreme Court directs us that it should be applied liberally. In this case, the Vaughn court merely shrugged that off and said that, well, that liberal construction was simply a creature of the in-custody question in habeas cases, and it was sui generis. I believe that it was not sui generis. This is very similar to the 2254 in-custody requirement that was considered in Garlot by the Supreme Court. It was a remedial statute, and the Supreme Court determined that it should be liberally construed. I suggest that the Vaughn court did not liberally construe the statute as it was required to do so. Didn't Vaughn discuss Wilson specifically, and didn't the court in Vaughn say that if the argument was accepted that that would essentially extend 3584 not just to administrative purposes but for all purposes, it would rewrite the statute? Well, Your Honor, Vaughn did mention Wilson. I don't believe there was an in-depth discussion of it. I don't believe it would rewrite it for all purposes. Once again, I think there are very distinct parts to the 3582 inquiry. The first part is not discretionary. The first part of whether a defendant is eligible is a question of law and not a question within the court's discretion to decide. It is within the court's power to decide, but it's not a discretionary decision. The second part, 3553 factors, those are discretionary. So I don't believe that finding that 3584 controls affects the court's discretionary power under 3553 in any way. Before you sit down, let me ask you a question about the standard of review. Your notice of appeal listed only the denial of the motion for reconsideration. Is our standard of review abuse of discretion or de novo? Well, technically it is an abuse of discretion, but this is a question of law. So it is de novo in that a mistake of law would be an abuse of discretion. If there are no further questions, I'll reserve the rest of my time. Thank you. Thank you very much, Mr. Peacock. Ms. Sundaram. May it please the court, counsel. Good morning, your honors. Sivashree Sundaram on behalf of the United States. Your honors, this court should adopt the sound reasoning employed by the First, Fifth, Seventh, and Eighth Circuits, which have all held that when consecutive sentences are imposed at different times, that the sentences should not be considered in the aggregate in the 3582 context. Appellant cites mostly to habeas cases, and the other cases which appellant cites to, which are in the 3582 context, are solely in the 924C context, which again is a distinction where consecutive sentences are imposed at the same time. So all of those cases are distinguished. Now, just to clarify, first, your honors, the appellant did actually receive two reductions in the North Carolina case. He received a 3582 in 2012 based on Amendment 750, and he received another 3582 reduction in 2016 based on Amendment 782. I apologize for the lack of clarity in my brief on that. But he did receive two sentence reductions in the North Carolina case. But here we're only concerned with the effect, if any, of 782. The other one is by the wayside, by now. Correct, your honor. Now, to address 3584C, the Vaughan court was correct that this is solely for administrative purposes. If we consider the consideration of a 3582C motion in administrative purpose, it would essentially rewrite the statute. There would be no point to saying administrative purpose. The consideration of a 3582C motion is strictly judicial. It's a judicial question. It's not one of administering the sentence. And in fact, if we wrote out that phrase for administrative purposes, and if we took the appellant's interpretation of this, then there would, in fact, be no point in providing the district court with the discretion to determine whether sentences should be imposed consecutively or concurrently, which is something that that very statute provides the district courts with discretion to do. So it would, in fact, undermine the entire purpose of that statute. Additionally, the habeas cases are also, as I noted earlier, distinguishable. They're in a much broader context than 3582C motions. They obviously look towards challenging the conviction itself. In fact, if an individual is out on supervised release, he or she may file a habeas challenge at that point in an attempt to reduce the additional constraints on their liberty at that point. 3582 is a statute that is very limited in its scope. In fact, it's not even a full resentencing. It's simply a modification of a term of imprisonment. It's very limited in its scope. And habeas cases, for example, are not subject to the limitations that 3582C motions are. For example, in 1B1.10b2c, there is a limitation that the reduced term of imprisonment cannot be less than the term that the defendant has already served. Habeas cases are not subject to those types of limitations. And for all of those reasons, all of the cases that appellant cited are distinguishable from here because they are either in the habeas context or in the 924C context. And so for those reasons, we'd ask that this court affirm the denial of the 3582 in cases where consecutive sentences are imposed at separate times. I don't know if the government has a position on this. And if it doesn't, you can just punt. But do you agree with the position the Seventh Circuit has taken in different factual circumstances? In other words, when a consecutive sentence gets imposed at the same time, then the result is different in terms of eligibility, as opposed to a situation here where the consecutive sentence gets imposed in a later time and the person has finished serving the first sentence already by the time the amendment gets promulgated. I do believe we would agree with that, at least in the limited context, I would say, of the 924C situation, where a 924C term of imprisonment is imposed consecutively at the same time. Or an aggravated. I mean, assuming an amendment reached this guideline, aggravated identity theft. I think in that case, the logic behind not opposing it in the 924C context would also apply in the aggravated identity theft context. Right, because at that point, you really don't know which of the two you're going to serve first. And it doesn't really matter, because you're going to serve an aggregate term of months or years. And it doesn't matter whether you start with the 7, or the 5, or the 2, and then tack on the 56, or vice versa. That's correct. There could be some fairness concerns implicated. I think in one of the cases, the order of the sentences just happened to occur, because everyone expressed indifference as to which way the sentences would occur. So for instance, in that situation, it would certainly be unfair to hold everyone to whatever everybody happened to agree with at sentencing, when there was no rhyme or reason behind it. What happens when there are concurrent sentences? And again, the government may not have thought this one out, because it's not presented here. But I'll ask anyways. What happens with concurrent sentences imposed at different times, in different places? Concurrent sentences imposed. So a defendant was involved in drug trafficking in two very different districts. Southern Florida, District of Maine. Indicted at different times, but sentenced within days of each other. And both sentences are the same period of time. And both judges say, run concurrently. I believe if they would be running concurrently at that point. And he hasn't finished serving either of them by the time the amendment comes in. Eligibility for both? I don't want to tie myself down to an answer. It's not presented in this case. So if the government hasn't taken a position, I don't want to put you in a box. But we have to figure out not only how to decide this case, but how to write it one way or another. Because there are different factual and procedural scenarios that might come down the road. I haven't thought the concurrent sentence in the 3582 context through. I believe in the habeas context, it doesn't affect it. I think that was addressed in one of the cases where it would also depend if it was different sovereigns. Well, I guess it would only have to be a federal sovereign. It would have to be, right? Otherwise, it wouldn't kick in.  I don't want to make you speak on something that's not your case. Something that this case does not concern. But I figured I would ask anyways. I'd have to think that through more, Your Honor. Sorry. But as to this scenario, I think the answer should be following the four circuits that have decided this case and that have all decided consistently on this case. And so if there are no further questions, we'd rest on our briefs and ask to affirm the denial of 3582. All right. Thank you very much, Ms. Sundrum. Thank you. Your Honor, I don't mind jumping in on that and committing. I think the problem with that is you're still speculating about which sentence may have ended or which had not. Let's say for hypothetical purposes that there is a 100-month sentence and a 200-month sentence that are run concurrently. The court still does not know when each particular sentence ended because it is not within its purview. It may make common sense. But it knows when each one began because in a federal system, you're going to get necessarily credit from the time you're in federal custody on both. And if he's arrested on two arrest warrants for each one of the two different alleged drug trafficking crimes, then you know at least when each one has started. I totally agree, Your Honor. And common sense may allow us to accurately see certain situations. But other situations, we may not. We may not know, for instance, let's say that the defendant has a state sentence pending as well. Let's say that he spent some time in immigration custody or whatever. Any of the incredible number of variables that can happen in a case like this, the district court is speculating about when the sentence ended and which sentence is still running. And that is why Congress has put that within the purview of the Bureau of Prisons and not the district court. Once again, it's the same as time served. It may be very clear to us. Well, though, isn't the answer that it matters who you go to first? Because in a concurrent situation, if you go to the court that's sentenced first, it's not going to matter because the second sentence is running, the 200-month sentence in the example. Well, once again, Judge, though, standing by my position, I don't think that we can tell that. But it matters if the sentences are imposed, the second sentence is imposed to run consecutively. That's when it matters, isn't it? Well, consecutive does mean running one after another. But it also means, in plain English, running without interruption. And so, once again, I don't believe that our... It is not the district court's position or authority to suppose how things are running. Here's my point, and perhaps I've misstated it or not been very clear. In a concurrent situation, you're still going to have to go to the court that imposed the longer sentence, because otherwise it doesn't matter, correct? If the 100 months has passed, but there's a concurrent sentence that's 200 months, that's the one that really matters. The question is whether you can go to that court to get a reduction under the amendment. I think in practical effect, yes, sir. In a consecutive situation, it matters, because this case is a good example of that, because you go to the court first that imposed the consecutive sentence that's a longer sentence and has that reduction with the court understanding what the sentence is going to be and reduces the back end of the sentence. Then you go to the first court and seek a reduction, and that has the effect of not only reducing the first sentence, but it reduces the second sentence as well. And the second court didn't have any say in that. Well, I don't think it does reduce the second sentence. I think it reduces the first sentence. It's the same principle that the Supreme Court applied in Garlot. They said that we are trying to remedy a past harm here. And even this court has observed... Garlot was a habeas case also. It was, sir, yes. It was in a different context. Let me say very quickly that the government referred to the 1B1.10 provision that says that a sentence cannot be reduced lower than essentially time served. I would point out that the Bolin case, which I have relied on, noted and concluded that that was the result of the Bureau of Prisons' policy when after a violation of supervised release, a defendant was reincarcerated, it was BOP's policy to give them credit for any time that they wrongfully served on the initial sentence beforehand, and that that was the reason for that commentary in the guidelines. Thank you. All right. Thank you both very much.